DAVID R. REID v. THE INHABITANTS OF THE TOWNSHIP OF WALL, IN THE COUNTY OF MONMOUTH.

Where, under the road act, damages were assessed by surveyors of the highways for taking lands of an owner, which were afterwards increased by the chosen freeholders, the fact that freeholders subsequently vacated a part of said road, and declared the same unnecessary, is no legal defence to an action brought against the township to recover the damages assessed by the freeholders under the act. The freeholders cannot apportion the damages, nor can a court or jury.

Case from Circuit Court of Monmouth county for advisory opinion of this court.

Argued on written briefs, by

*W. H. Vredenburgh,* for plaintiff.

*A. C. McLean,* for defendants.

Present—The CHIEF JUSTICE, and SCUDDER, VAN SYCKEL, and WOODHULL, Justices.

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff seeks to recover in this suit the sum assessed to him for damages which he has sustained by the laying of a public road through his lands.

The first count of the declaration claims the surveyors' assessment, and the second count the increased sum subse-

quently awarded by the chosen freeholders appointed to re-assess the damages.

·Two special pleas in bar to the plaintiff's recovery are interposed.

*First.* That chosen freeholders duly appointed to review the road have vacated part of said road over a portion of the plaintiff's lands.

*Second.* That the certificate of the chosen freeholders that part of said road was unnecessary, canceled and set aside the assessment made in favor of the plaintiff. ·

The question certified for the advisory opinion of this court is, whether the demurrer to these pleas is well taken.

The effect of the vacation .of part of the road upon the plaintiff's right to damages is the point of this controversy.

It will be conceded that the surveyors' return established that right, which will remain undisturbed, unless it has been defeated in whole or in part by the subsequent proceedings.

If the freeholders had no power to vacate part of a road, their acts would be void, and could not in any manner affect the plaintiff's rights.   But the eighth section of the act concerning roads in express terms imposes on the freeholders the duty of certifying whether any part of the road laid out is necessary and useful.. If it is held that such certificate bars the plaintiff's right. of action, a mode is ascertained by which, in contravention of our legislation, private property can be taken for the purposes of a public road without compensation to the owner.   It does not pertain to the office of the freeholders, in the discharge of their duty, to lessen, increase, or certify with regard to the question of damages, and it would, therefore, be an enlargement of the power conferred upon them by the statute to extend the operation of their certificate to that subject.   No mode is provided by which the freeholders or a jury, under the direction of the court, can apportion the damages.   For the lands taken, the plaintiff is entitled to compensation, which has been fixed in the manner prescribed by law.   The legislature has empow-

ered the freeholders to vacate a portion of the road, without authorizing them to relieve the township from any part of the damages, and therefore the rights of the plaintiff under the surveyors' return have not been disturbed.

The Circuit Court should be advised that the demurrer is sustained.